[No. 1530.]

APRIL FOOL GOLD MINING AND MILLING COM-
PANY, A CORPORATION, APPELLANT, *v.* T. E. DULA, ET
AL., RESPONDENTS.

PRACTICE—STIPULATIONS OF COUNSEL. Stipulations by counsel in relation
to matters under their control are binding, but a stipulation ignor-
ing the positive requirements of law will be disregarded.

IDEM—IDEM—APPEAL—STATEMENT ON MOTION FOR NEW TRIAL. Under sec-
tion 197 of the civil practice act, providing for a statement on motion
for a new trial, and that the statement thus used, in connection with
pleadings and the evidence, and the minutes of the court read or
referred to on the hearing, shall constitute the papers to be used on
appeal, where the statement did not contain any of the testimony,
and the documentary evidence was not referred to nor identified by
the certificate of the district court, a stipulation that such papers
should be treated as properly certified for purpose of appeal will be
disregarded.

APPEAL from the District Court of the State of Nevada,
Lincoln county; *A. E. Cheney*, District Judge, presiding:

Action by the April Fool Gold Mining and Milling Com-
pany against T. E. Dula, and others. Judgment for defend-
ants. From an order denying a new trial, plaintiff appeals.
Affirmed.

The facts sufficiently appear in the opinion.

*Henry Rives* and *J. R. Judge*, for Appellant.
VOL. XXIV—19.

*F. R. McNamee, George S. Sawyer* and *T. J. Osborne,* for
Respondents.

By the Court, BELKNAP, C. J.:

The district court overruled a motion for new trial upon
the grounds that the statement did not contain any of the
testimony, nor was the documentary evidence referred to and
made a part of the statement, and testimony taken by a
reporter, identified by the certificate of the district judge.

No question is made touching the correctness of the ruling,
but its effect is sought to be avoided by a stipulation entered
into by counsel in this court that the documentary evidence
and the testimony taken by the reporter shall be treated as
having been identified for the purposes of this appeal. The
legal effect of the stipulation was not discussed at the bar,
but the court of its own motion must suggest reason why it
should not be considered.

Section 197 of the civil practice act provides for the state-
ment to be used upon motion for new trial, and indicates the
several proceedings by which it may be perfected. When
the statement has been perfected, it is provided that * * *
" the statement thus used, in connection with such pleadings,
depositions, documentary evidence on file, testimony taken
by a reporter and the minutes of the court as are read or
referred to on the hearing, shall constitute, without further
statement, the papers to be used on appeal from the order
granting or refusing a motion for new trial."

Under this provision the district courts and the supreme
court act upon the same statement. The district courts pri-
marily have jurisdiction of the statement upon motion for
new trial, and their records made in accordance with the
provisions of the statute cannot be altered by this court.
Stipulations by counsel in relation to matters under their
control are binding, but a stipulation ignoring the positive
requirements of law will be disregarded.

Judgment affirmed.